IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## STATE OF TENNESSEE, v. LUTHER RAY DOTSON, JR,.

**Direct Appeal from the Circuit Court for Rhea County**
**No. 14146      J. Curtis Smith, Judge**

---

**No. E1999-00640-CCA-R3-CD - Decided**
**May 3, 2000**

---

JUDGE JERRY L. SMITH, CONCURRING IN RESULTS.

### CONCURRING OPINION

I write separately in concurring with the judgment of the Court, because I believe that the limitation of the defense expert's opinion in this case was a discretionary call on the part of the trial court and I can find no abuse of discretion in the decision made by the trial judge.

It should be noted that neither Tenn. R. Evid. 702 or 703 provide for the admission in evidence of testimony concerning the bases of an expert's opinions. Rule 702 allows the expert to testify in the form of an opinion, something lay witnesses may not ordinarily do. Rule 703 specifies what type of facts and data are legally acceptable as the bases for expert opinion, but the rule itself does not authorize the admission as substantive evidence of otherwise inadmissible testimony. See, State v. Casey, 868 s.W.2d 737 (Tenn. Crim. App. 1993).

The facts and data underlying an expert's opinion, even though inadmissible as substantive evidence, may be related by the expert to the jury if necessary for the jury to understand and assess the opinion testimony and if the trial court finds pursuant to Tenn. R. Evid. 403 that this otherwise inadmissible testimony is not unduly prejudicial, does not confuse the issues, and is not likely to be misused by the jury. Cohen, Sheppeard, Paine, Tennessee Law of Evidence, § 703.5 (3rd Ed. 1995). If the trial judge determines the underlying facts and data pass muster under Rule 403, then the expert may testify about them, but with a cautionary jury instruction that the facts and data are not to be considered substantive evidence. Id. § 703.4.

In this case the trial judge conducted a hearing in accordance with Rule 403 and determined that allowing the jury to hear about Ms. Braden's statements that she had previously attempted suicide raised a distinct risk that the jury would consider these hearsay statements as true thereby misusing the statements. The trial judge therefore determined that Dr. Fowler could not testify that he based his opinion in part on the fact that Ms. Braden had made these statements.

Determinations made by a trial court under Rule 403 are matters left to the sound discretion

of the trial judge and will not be overturned on appeal absent an abuse of discretion. State v. Banks, 564 S.W.2d 947, 952. (Tenn. 1978) (although decided prior to adoption of Tennessee Rules of Evidence, Court finds virtually identical Fed. R. Evid. 403 subject to abuse of discretion review). See also, Cohen, Sheppeard, Paine, Tennessee Law of Evidence § 403.7 (3rd Ed. 1995). Similarly, determinations concerning the admissibility of expert testimony, including the basis of the expert opinion, are within the discretion of the trial judge subject to being overturned only for arbitrary exercise of that discretion. State v. Ballard, 855 S.W.2d 557, 562 (Tenn. 1993). Thus, it is beyond cavil that this Court must find the trial judge in the instant case abused his discretion before we may hold him in error for limiting Dr. Fowler's testimony.

When a trial judge is faced with the decision as to whether to allow an expert to testify as to the facts and data not independently admissible, which underly his or her opinion the trial judge may either exclude such testimony or admit it with a limiting instruction.[1] Tenn. R. Evid. 703, Advisory Commission Comments: Benson v. Tennessee Valley Elec. Coop. 868 S.W.2d 630, 641 (Tenn. Ct. App. 1993). Generally the abuse of discretion standard does not authorize an appellate court to substitute its judgment for that of the trial court. Myint v. Allstate Ins. Co., 970 S.W.2d 920 (Tenn. 1998). While this court, were it the trial court, might have chosen to admit this testimony with a limiting instruction, that is not the test of whether the trial judge abused his discretion in excluding the testimony altogether. There is a distinct risk that some or all of the jury, despite a limiting instruction, might believe the truth of Ms. Braden's statements concerning previous suicide attempts and therefore conclude, based at least in part on this hearsay, that she committed suicide. At the very least this scenario is not so far beyond the realm of possibility that it is an abuse of discretion for the trial judge to find it is an unacceptable risk, particularly when the benefit of this risk is measured against the fact that Dr. Fowler was allowed to testify extensively about the other factors underlying his opinion that Ms. Braden was suicidal at the time of her death. This testimony included information that Ms. Braden was unhappy with her home life, was generally unhappy, wanted to live somewhere else, that she had engaged in "self-injurious" behavior and that she sometime talked of wanting to commit suicide.

In summary, I would hold that the trial court did not abuse its discretion in disallowing the testimony of Dr. Fowler with respect to the victim's statements concerning suicide attempts, and therefore that there is no error with respect to this issue. For this reason I concur in the judgment of the trial court.

---

[1]Although neither the advisory comments nor Benson set forth a preference between these alternatives, it is probable that an abuse of discretion would be found were a trial judge to so severely limit an expert from testifying as to the bases of his or her opinion that the opinion itself appears baseless. That is not the case here however. As noted in the text, Dr. Fowler testified extensively as to other factors upon which his opinion was based.